# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Edwin Garcia,<br><br>                  Plaintiff,<br><br>vs.<br><br>Nationstar Mortgage LLC d/b/a Mr. Cooper,<br><br>                  Defendant. | Case No.: 19-cv-7870<br><br>Honorable Robert M. Dow, Jr. |

## MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM IN SUPPORT

Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") by its attorneys, moves to dismiss,[1] in part, Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and, in support, Nationstar states as follows:

### INTRODUCTION

Plaintiff Edwin Garcia filed this lawsuit against Nationstar seeking damages for purported violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, *et seq.* and for invasion of privacy under state law. First Amended Complaint ("FAC") ¶¶ 10-12. Plaintiff brings three Counts: (Count I) violation of the TCPA under § 227(b)(1)(A)(iii) for use of an automated telephone dialing system ("ATDS") and/or artificial or prerecorded voice without express consent; (Count II) invasion of privacy-intrusion upon seclusion; and (Count III) violation of the TCPA under 47 U.S.C. § 227(b)(3) for use of an artificial or prerecorded voice.[2] For the reasons discussed

---

[1] Because the allegations that are subject to this Motion are interspersed throughout the Complaint, Nationstar further requests that its answer to the remaining allegations in the Complaint be stayed pending the resolution of this Motion.

[2] Count III is brought under 47 U.S.C. § 227(b)(3), which provides for a private right of action based on a violation of § 227, such as the violation alleged by Plaintiff in Count I. Thus, the distinction, if any, between Counts I and III is not entirely clear.

below, Plaintiff's claims based on Nationstar's alleged use of an ATDS to place calls and text messages should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## FACTUAL ALLEGATIONS

Plaintiff alleges that beginning on September 19, 2017 and continuing through December 14, 2017, Nationstar made at least 56 individual calls or text messages to Plaintiff using "ATDS capable equipment." FAC ¶¶ 16, 17.[3] Plaintiff's allegations include a list of the alleged calls and text messages, including date and time, but the list does not identify which, if any, of the calls used an artificial or prerecorded voice. *See* FAC ¶ 17. Plaintiff alleges, "[u]pon information and good-faith belief, the telephone calls identified above [in the First Amended Complaint allegations] were placed to Plaintiff's wireless phone number using an automatic telephone dialing system (ATDS) and/or used an artificial or prerecorded voice." FAC ¶ 21.

Plaintiff alleges that Nationstar did not have consent to make the calls or, if it did previously have consent, Plaintiff revoked that consent. FAC ¶¶ 16, 29, 31.

Plaintiff further alleges that Nationstar "intended to use an [ATDS] to place each of the telephone calls identified above" and has demonstrated "willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A)." FAC ¶¶ 36, 37.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678

---

[3] Although the allegations in paragraph 17 refer to "test" messages rather than text messages, it appears from the exhibits to the First Amended Complaint that Plaintiff intends to refer to text messages. *See* Exs. E, F to FAC.

(citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678 (2009)).

## ARGUMENT

With certain exceptions, the TCPA prohibits the use of an ATDS or an artificial or prerecorded voice to call or text any cellular phone without the prior consent of the recipient. 47 U.S.C. § 227(b)(1); *Gadelhak v. AT&T Services*, No. 19-1738, 2020 U.S. App. LEXIS 5026, at *3 (7th Cir. Feb. 19, 2020). Plaintiff alleges that Nationstar violated the TCPA because Nationstar, without Plaintiff's express consent, "[u]pon information and good-faith belief," used "an automatic dialing system (ATDS) and/or used an artificial and prerecorded voice" to place calls and text messages to Plaintiff's cellphone. FAC ¶¶ 21, 29. Plaintiff does not identify which or how many of Nationstar's calls allegedly violated the TCPA because it used an artificial or prerecorded voice, as opposed to the calls that allegedly violated the TCPA simply because Nationstar used an ATDS. *See* FAC ¶¶ 17, 19, 21.

Plaintiff's self-serving allegations relating to Nationstar's alleged use of an ATDS do not support a plausible claim for relief. Plaintiff's claims under the TCPA, to the extent they rely on use of an ATDS and not an artificial or prerecorded voice, should be dismissed because Plaintiff fails to allege facts showing that the calls or text messages were placed using an ATDS. The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1); *Gadelhak*, 2020 U.S. App. LEXIS 5026, at *3; *Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 929 (N.D. Ill. 2018). The DC Circuit, vacating prior FCC interpretations, concluded that under this statutory language, the device in question must itself

3

generate random or sequential numbers to be dialed, rather than accessing stored lists of numbers. *Yates v. Checkers Drive-in Restaurants, Inc.*, 17-cv-9219, 2019 U.S. Dist. LEXIS 55103, at *2 (N.D. Ill. Apr. 1, 2019) (*citing ACA Int'l v. FCC*, 885 F.3d 687, 699-702 (D.C. Cir. 2018)). Very recently, the Seventh Circuit similarly held that a system must store or produce numbers, using a random or sequential number generator, to be an ATDS. *Gadelhak*, 2020 U.S. App. LEXIS 5026, at *23. Because the defendant's system in *Gadelhak* dialed from a list of numbers stored in a separate database, the Seventh Circuit found it was not an ATDS, and the "unwanted automated text messages" did not violate the TCPA. *Id.* at **2, 23; *see also Pinkus*, 319 F. Supp. 3d at 935 (holding that a predictive dialer only qualifies as an ATDS if it has the capacity to generate phone numbers randomly or sequentially and then to dial them). The Seventh Circuit found that omitting the random or sequential number generation requirement would be inconsistent with the "narrow" purpose of the TCPA. *Id.* at *19.

Here, Plaintiff alleges only that Nationstar "placed calls to Plaintiff's cell phone using an automated dialer" (FAC ¶ 7), and that Nationstar used "ATDS capable equipment," (FAC ¶ 15). Plaintiff also alleges Nationstar sent text messages using an ATDS, as the plaintiff alleged in *Gadelhak. See* FAC ¶¶ 17, 21, Exs. E, F. Plaintiff's conclusory allegations regarding use of an ATDS are not sufficient. Plaintiff has not, and could not, allege that Nationstar used a system that had the capacity to generate phone numbers randomly or sequentially and then to dial them. *See* FAC *generally*. Plaintiff's allegations are therefore insufficient to give rise to a claim for a violation of the TCPA premised on the use of an ATDS. *See Gadelhak*, 2020 U.S. App. LEXIS 5026, at *23; *Yates*, 2019 U.S. Dist. LEXIS 55103, at *2; *Pinkus*, 319 F. Supp. 3d at 935; *ACA Int'l v. FCC*, 885 F.3d at 699-702.

4

Plaintiff does not state a plausible claim for violation of the TCPA based on any alleged ATDS calls that did not use a prerecorded or artificial voice or on any of the alleged text messages. This Court should dismiss Counts I and III pursuant to Fed. R. Civ. P. 12(b)(6) to the extent the claims rely on Nationstar's alleged use of an ATDS.

WHEREFORE, Nationstar respectfully requests that this Court dismiss Plaintiff's Complaint to the extent it is based on Nationstar's use of automated telephone dialing system to call or text Plaintiff.

Date: March 10, 2020                                              Nationstar Mortgage LLC d/b/a Mr. Cooper


By: /s/ Molly E. Thompson
One of its attorneys


Harry N. Arger (harger@dykema.com)
Il State Bar No. 6198806
Molly E. Thompson (MThompson@dykema.com)
IL State Bar No. 6293942
DYKEMA GOSSETT PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700
(312) 876-1155 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2020, I electronically filed the foregoing **Motion to Dismiss** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day and was served upon all counsel of record via the Court's CM/ECF system

s/Molly E. Thompson