**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EDWIN GARCIA, on behalf of himself and all others similarly situated, | AMENDED CIVIL COMPLAINT – CLASS ACTION |
| Plaintiff, | |
| v. | CASE NO. 1:19-cv-07870 |
| NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**SECOND AMENDED COMPLAINT – CLASS ACTION**

NOW comes EDWIN GARCIA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action on behalf of himself and numerous other similarly situated individuals against Defendant pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

2.  Plaintiff brings this action, on his own behalf and in his individual capacity, against Defendant, pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.,* as well as for Invasion of Privacy ("IOP"), in connection with Defendant's unlawful and tortious conduct.

**JURISDICTION AND VENUE**

1

3.   This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's individual state law claims pursuant to 28 U.S.C. §1367.

4.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5.   Plaintiff is a natural person over 18 years-of-age residing in Cook County, Illinois, which is located within the Northern District of Illinois.

6.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant is a mortgage servicer servicing mortgages owed by consumers throughout the United States, including the state of Illinois. Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 8950 Cypress Waters Boulevard, Dallas, Texas.

8.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

9.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10. Several years ago, Plaintiff obtained a mortgage ("subject mortgage") from Taylor, Bean & Whitaker ("TBW").

11. Thereafter, the subject mortgage was transferred to Ocwen Loan Servicing ("Ocwen"), who in turn transferred it to Defendant for servicing.

12. On June 14, 2013, Plaintiff sent Defendant a written correspondence, via certified mail, in which Plaintiff requested that Defendant not contact him telephonically on his home phone, cellular phone, or place of employment – instead requesting that all communications regarding the subject mortgage be directed to his residential address. **Exhibit A.**

13. Plaintiff sent Defendant a similar correspondence on or about June 9, 2014. **Exhibit B.**

14. Around September 2017, Plaintiff began receiving calls to his cellular phone, (773) XXX-6519, from Defendant.

15. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6519. Plaintiff is and has always been financially responsible for the cellular phone and its services.

16. Defendant has used several phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (886) 316-2432, (888) 811-5279, (877) 783-7491, and (888) 480-2432.

17. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its communications with consumers.

18. During some answered calls, Plaintiff experienced silence and dead air, enduring a noticeable pause, only for no representative to get on the line, prompting Plaintiff to hang up.

19. On other answered calls, Plaintiff would again experience a noticeable pause and period of dead air, but would eventually be connected to a live representative.

20. Further, Plaintiff experienced prerecorded messages from Defendant on some answered calls.

21. When Plaintiff would not answer Defendant's calls, he was often left a prerecorded voicemail message referencing the subject mortgage and requesting a return call.

22. Further, Defendant would frequently follow up any unanswered calls with a text message regarding the subject mortgage – which, upon information and belief, illustrates Defendant's text messages are placed via the same system as its outgoing phone calls.

23. Defendant's contacts were identified as being made for the purpose of collecting or attempting to collect a debt.

24. Aside from being placed after Plaintiff made repeated demands that no such calls or communications be made, Defendant's relentless contacts and text messages were particularly aggravating and distressing to Plaintiff, as his employment requires him to remain focused on the nature of his work without distraction, and Defendant's phone calls materially and significantly impeded with such work for a substantial period of time.

25. On or about February 21, 2018, Plaintiff spoke with Defendant's representative, expressing his frustration that his do not call requests were blatantly ignored. **Exhibit C**.

26. In response, Defendant's representative informed Plaintiff that Defendant could place calls to Plaintiff's cellular phone at any place and time of Defendant's choosing – doubling down on such representation even after Plaintiff questioned the legality of Defendant's calling practices. ***Id.***

27. In total, Defendant placed at least 70 phone calls and text messages to Plaintiff's cellular phone until approximately March 2018, despite Plaintiff previously and repeatedly revoking consent for such calls.

28. A fraction of Defendant's contacts attempts include, but are not limited to:

    1) September 19, 2017; phone call; 6:56 PM

    2) September 20, 2017; phone call; 3:18 PM

3) September 21, 2017; phone call; 5:31 PM

4) September 23, 2017; phone call; 2:47 PM

5) September 26, 2017; phone call; 3:59 PM

6) September 27, 2017; phone call; 3:44 PM

7) September 28, 2017; phone call; 1:44 PM

8) September 29, 2017; phone call; 3:29 PM

9) October 2, 2017; phone call; 4:10 PM

10) October 3, 2017; phone call; 3:02 PM

11) October 5, 2017; phone call; 5:11 PM

12) October 6, 2017; phone call; 2:40 PM

13) October 9, 2017; phone call; 3:56 PM

14) October 10, 2017; phone call; 5:38 PM

15) October 11, 2017; phone call; 3:54 PM

16) October 12, 2017; phone call; 3:02 PM

17) October 13, 2017; phone call; 6:53 PM

18) October 17, 2017; phone call; 4:19 PM

19) October 18, 2017; phone call; 1:26 PM

20) October 19, 2017; phone call; 5:07 PM

21) October 20, 2017; phone call; 1:51 PM

22) October 21, 2017; phone call; 2:33 PM

23) October 23, 2017; phone call; 2:11 PM

24) October 24, 2017; phone call; 1:19 PM

25) October 26, 2017; phone call; 4:13 PM

26) October 27, 2017; phone call; 3:20 PM

27) October 30, 2017; phone call; 2:29 PM

28) October 31, 2017; phone call; 4:31 PM

29) November 2, 2017; phone call; 2:34 PM

30) November 3, 2017; phone call; 11:00 AM

31) November 3, 2017; phone call; 11:00 AM

32) November 3, 2017; phone call; 11:00 AM

33) November 3, 2017; text message; 11:00 AM

34) November 4, 2017; phone call; 2:28 PM

35) November 8, 2017; phone call; 4:39 PM

36) November 13, 2017; phone call; 1:30 PM

37) November 13, 2017; text message; 1:30 PM

38) November 17, 2017; phone call; 2:35 PM

39) November 18, 2017; phone call; 2:30 PM

40) November 21, 2017; phone call; 2:16 PM

41) November 22, 2017; phone all; 1:15 PM

42) November 24, 2017; phone call; 10:50 AM

43) November 24, 2017; text message; 10:50 AM

44) December 4, 2017; text message

45) December 5, 2017; phone call; 10:50 AM

46) December 5, 2017; text message; 1:25 PM

47) December 6, 2017; text message; 1:27 PM

48) December 14, 2017; test message; 1:27 PM

49) February 21, 2018; phone call; 11:30 AM

29.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

30.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted telephone calls, emotional distress, decreased work performance due to the distraction caused by Defendant's calls, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

31.   Upon information and belief, Defendant's conduct directed towards Plaintiff is indicative of a pattern and practice wherein Defendant continues to place calls to consumers even after such consumers have requested that no such calls occur.

32.   All of Defendant's phone calls to Plaintiff's cellular phone number subject to this action occurred within the four years preceding the date of the filing of the Complaint in this matter.

CLASS ACTION ALLEGATIONS

33.   Plaintiff brings this action on behalf of himself and others similarly situated against Defendant for its violations of the TCPA.

34.   Plaintiff brings this action against Defendant, both on his own behalf and as a class action on behalf of the following subclass, hereinafter referred to as the "Prerecorded Messages Class":

> All persons residing in the State of Illinois to whom Defendant placed collection calls, to such persons' cellular phones, using prerecorded messages, absent prior express consent, within four years preceding the filing of this Second Amended Complaint through the date of class certification.

7

35.    Plaintiff brings this action against Defendant, both on his own behalf and as a class action on behalf of the following subclass, hereinafter referred to as the "ATDS Class":

> All persons residing in the State of Illinois to whom Defendant placing collection calls and text messages, to such persons' cellular phones, using an automatic telephone dialing system, absent prior express consent, within four years preceding the filing of this Second Amended Complaint through the date of class certification.

36.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

37.    Upon information and belief, each respective Class outlined above consists of hundreds or more persons throughout the State of Illinois such that joinder of the respective Class members is impracticable.

38.    There are questions of law and fact that are common to the respective Class members that relate to Defendant's violations of the TCPA, particularly because the questions of law and fact are based on a common course of conduct by Defendant as it relates to the respective Class members.

39.    Plaintiff and the members of the respective Classes were harmed by the acts of Defendant in, *inter alia,* the following ways: Defendant illegally contacted Plaintiff and putative Class members via their cellular phones thereby causing Plaintiff and the respective Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and respective Class members.

40.    The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories and course of conduct, and Plaintiff has no interests that are antagonistic to the interests of the respective Class members.

41.   Plaintiff is an adequate representative of the respective Classes and has retained competent legal counsel experienced in class actions and complex litigation.

42.   The questions of law and fact common to the Prerecorded Messages Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Prerecorded Messages Class include, but are not limited to: (i) whether Defendant utilized prerecorded or artificial voice technology when calling Plaintiff and putative Class members; (ii) whether Defendant had the requisite prior express consent to contact Plaintiff and putative Class members using prerecorded or artificial voice messages; (iii) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and putative Class members' cellular phones using prerecorded or artificial voice technology; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

43.   The questions of law and fact common to the ATDS Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the ATDS Class include, but are not limited to: (i) whether Defendant's phone system used to place the calls and send text messages to Plaintiff and putative Class members were made with a system constituting an automatic telephone dialing system under the TCPA; (ii) whether Defendant had the requisite prior express consent to contact Plaintiff and putative Class members using a system which constitutes an automatic telephone dialing system under the TCPA; (iii) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and Class members' cellular phones utilizing an automatic telephone dialing system; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each respective Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE PRERECORDED MESSAGES AND ATDS CLASSES

45. Plaintiff repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

46. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS"), or prerecorded or artificial voice messages, without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

47. Defendant's use of prerecorded messages in its contacts made towards the Prerecorded Messages Class underscores that its conduct in relation to such Class is within the ambit of the TCPA.

48. Defendant's contacts made towards the ATDS Class were made with a system defined by the TCPA as an ATDS. Defendant's use of an ATDS in relation to the respective Classes is evinced by the significant pause and dead air, lasting several seconds in length, which Plaintiff experienced on answered calls from Defendant. The fact several such phone calls would result in Defendant's representative failing to jump on to the line further evinces that Defendant's phone system has the capacity to perform the functions as an ATDS – specifically, that Defendant's phone system stores and/or produces numbers in a sequential manner, determined by Defendant's calling programs, (rather than by human agents), and to dial such numbers based on the sequential storage and/or

production of Plaintiff's phone number. Additionally, Defendant's contacts with Plaintiff despite his repeated requests that no such calls occur further evinces Defendant's use of an ATDS. Furthermore, the nature of the text messages, which were routinely sent after certain missed phone calls, further illustrates the automated nature of Defendant's contact efforts as well as the extent to which it uses the same system to send text messages as it does to place phone calls. Moreover, the nature and frequency of Defendant's contacts, including multiple phone calls and text messages on the same day almost simultaneously, similarly point to the involvement of an ATDS that has the capacity to sequentially store and/or produce phone numbers, and to dial such numbers, all without meaningful human intervention. Thus, all of the above, *inter alia,* underscores that Defendant's system used to place phone calls and text messages to the ATDS Class constitutes an ATDS under the TCPA.

49. Defendant violated the TCPA by placing repeated and persistent phone calls and text messages to Plaintiff's and the respective Class members' cellular phones using an ATDS and/or prerecorded messages absent prior express consent

50. The calls placed by Defendant to Plaintiff and the respective Class members were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

51. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff and the respective Class members for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff and the respective Class members are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

11

WHEREFORE, Plaintiff, EDWIN GARCIA, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Certification of the respective Classes requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel for the respective Classes;

c. Awarding damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### PLAINTIFF INDIVIDUALLY AGAINST DEFENDANT

52. Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

54. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

55. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

56. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS and prerecorded messages after he made multiple requests that no such communications occur. Furthermore, Defendant's representative acted deceptively and unfairly, in violation of the ICFA, when it informed Plaintiff that it could contact Plaintiff at any time and place of Defendant's choosing in order to collect the payments Defendant was seeking. This was a blatantly deceptive and unfair representation, designed with the intent to compel Plaintiff to acquiesce to Defendant's demands, lest the harassing phone calls and messages – of which he was complaining - continue.

57. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

58. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

59. As pled in paragraphs 27 through 29, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff made repeated requests that no such telephonic communications occur, yet he was still bombarded with such calls and messages. Furthermore, Defendant's statements that it would call Plaintiff any time and place of its choosing demonstrate that Defendant saw fit to completely ignore the legal strictures imposed upon its business, in an effort to enrich its own bottom line.

WHEREFORE, Plaintiff, EDWIN GARCIA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION
### PLAINTIFF INDIVIDUALLY AGAINST DEFENDANT

60. Plaintiff restates and realleges paragraphs 1 through 59 as though fully set forth herein.

61. Defendant, through its barrage of phone calls and text messages, has repeatedly and intentionally invaded Plaintiff's privacy.

62. Defendant's persistent and unwanted autodialed phone calls and text messages to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

63. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive – especially given the nature of Plaintiff's employment.

64. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy his life, instead having it upended by Defendant's harassing phone call campaign.

65. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought his cellular phone.

66. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into making payment, Plaintiff had no reasonable escape from these incessant calls, a feeling which Defendant intended to instill in Plaintiff.

67. As detailed above, by persistently autodialing Plaintiff's cellular phone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

68. Defendant's relentless collection efforts and tactic of repeatedly auto dialing and sending text messages to Plaintiff's cellular phone absent consent is highly offensive to a reasonable person.

69. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing over 70 unconsented phone calls and text messages to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, EDWIN GARCIA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 24, 2020

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com

16